IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-cv-906 (ESH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to dismiss plaintiff's complaint on the grounds that he failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: July 13, 2007.                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Charles H. Keen
　　　　　　　　　　　　　　　　　　　CHARLES H. KEEN
　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6536/614-6866
　　　　　　　　　　　　　　　　　　　Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2479017.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-cv-906 (ESH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for alleged unauthorized collection activities.

QUESTION PRESENTED

Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted?

STATEMENT

1. Introduction & background. Plaintiff, Herman Alphonse Wesselman, filed this complaint on May 14, 2007, and served the United States Attorney General on May 30, 2007 and the United States Attorney for the District of Columbia on May 29, 2007. Plaintiff did not serve the Internal Revenue Service.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 18-19.)  Plaintiff has organized his complaint into 41 purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.<u>1</u>/

ARGUMENT

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES<br>FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements.  (Compl., Remedy Sought, at 18-19.)

Plaintiff's complaint for damages under 26 U.S.C. § 733 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests.  Fed.R.Civ.P. 8(a).  But, here, there are no facts in plaintiff's

---

<u>1</u>/ Plaintiff alleges that the Internal Revenue Service:  disregarded certain record-keeping requirements (counts 1-2); failed to prepare substitutes for returns for them (counts 3-8); failed to disclose their returns to them (count 9); forced them to use social security numbers (count 10); failed to comply with assessment procedures (counts 11-18, 33); exceeded its authority under section 6301 to collect taxes (counts 19-26); failed to send required notices (counts 27-29); failed to comply with section 6304 which prohibits harassing taxpayers (count 30); failed to provide them with hearings and mediation (count 31); and improperly asserted tax liens (counts 32, 34-41).

complaint to support a claim for damages; and thus, this court should conclude that plaintiff has not, in fact or law, stated such a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Here, most of plaintiff's allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). Accordingly, all allegations in plaintiff's complaint which involve non-collection activities must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping requirements (counts 1-2); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-8); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-18, 33); collection due process hearings and mediation (count 31), penalty determinations (counts 33) and failure to provide return information (count 9).

Plaintiff first generally avers, in counts 19-26, that the Internal Revenue Service exceeded its collection authority. Plaintiff cites no factual support whatsoever for these allegations, and thus has utterly failed to demonstrate his right to relief. These allegations fail to state any claim upon which relief can be granted.

Besides these general, unsubstantiated allegations, plaintiff alleges only ten counts that relate to collections. These ten counts allege that the Internal Revenue Service: (1) asserted a lien without giving proper notice and demand (count 32); (2) asserted liens for which no assessment was made (count 35); (3) failed to certify notices of federal tax lien under section 6323 (count 36); (4) otherwise violated section 6323 (counts 37, 38); (5) failed to hold a hearing before levy (count 31); (6) engaged in harassing behavior (count 30); (7) failed to give notice or demand payment of taxes (count 27); (8) unlawfully filed a civil action against plaintiff for collection of taxes (count 40); and (9) unlawfully appropriated plaintiff's private property (count 41). Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever, and thus fail to state a claim.

First, in count 32, plaintiff alleges that the Internal Revenue Service asserted a tax lien without proper notice and demand. *See* 26 U.S.C. §§ 6303, 6331. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days

notice before it can make a levy.  26 U.S.C. § 6331(d)(2).2/   Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Second, in count 35, plaintiff alleges that the Internal Revenue Service asserted liens for which no assessment was made.  Again, the plaintiff makes a bare assertion with no factual support whatsoever.  The Court cannot determine what liens, if any, the plaintiff is asserting were made, for which periods, whether notices of federal tax lien were filed, or any other fact which would entitle plaintiff to relief.

Third, in count 36, plaintiff alleges that the Internal Revenue Service failed to certify notices of tax lien for filing, in violation of 26 U.S.C. § 6323.  Section 6323(f) sets forth the requirements for filing a notice of federal tax lien.  Nowhere in the statute is there a requirement for "certification."  The statute requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated."  26 U.S.C. § 6323(f)(1).  The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien."  26 C.F.R. § 301.6323(f)-1(d)(1).  The Form 668 must identify the taxpayer, the tax

---

2/ Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax."  26 U.S.C. § 6303(a).  Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person."  26 U.S.C. 6321.

liability, and the date of the assessment. *Id*. at § 301.6323(f)-1(d)(2). Plaintiff has provided no information about the lien(s) which he alleges was improperly filed.

Fourth, in counts 37 and 38, plaintiff alleges other, unspecified, violations of section 6323. Plaintiff makes no effort to specify these alleged violations, and fails to provide any factual allegations that would demonstrate that he is entitled to relief.

Fifth, in count 31, plaintiff alleges that the Internal Revenue Service failed to hold a hearing before levy. *See* 26 U.S.C. § 6330(b). Section 6330(b) provides for a hearing before a levy is made. Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). Plaintiff has not alleged any facts from which the Court could determine that he was entitled to notice or a hearing. He has not alleged that he requested any hearing, or identified any tax lien or levies at issue.

Sixth, in count 30, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct. *See* 26 U.S.C. § 6304(b). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Seventh, in count 27, plaintiff alleges that the Internal Revenue Service failed to give notice or demand payment of taxes. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303. Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Eighth, in count 40, plaintiff alleges that the United States unlawfully filed a civil action against plaintiff for collection of taxes. 26 U.S.C. §§ 7401 and 7403 provide authorization to file civil actions for the collection of taxes and the enforcement of liens. Again, plaintiff has not provided any support for this bare allegation, such as the district in which the action was filed, the docket number, or any other information tending to show that the alleged suit was even filed.

Finally, in count 41, plaintiff alleges that the Internal Revenue Service unlawfully appropriated plaintiff's private property. Yet again, plaintiff simply makesa bare statement, with no factual allegations to show that he may be entitled to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, plaintiff has failed to state a claim, and this Court should dismiss the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65.

CONCLUSION

Plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. Those ten counts that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these ten counts must be dismissed for failure to state a claim upon which relief can be granted. Therefore, this Court should dismiss plaintiff's complaint.

DATE: July 13, 2007.

                                        Respectfully submitted,

                                        /s/ Charles H. Keen
                                        CHARLES H. KEEN
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Tel./FAX:  (202) 307-6536/614-6866
                                        Email: charles.h.keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07-cv-906 (ESH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Having considered the United States' motion to dismiss plaintiffs' complaint, together with the memorandum in support thereof, and having further considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Herman Alphonse Wesselman, pro se
210 North 3rd Street
Effingham, Illinois 62401

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, | ) |
| Plaintiff, | ) |
| v. | ) No: 1:07-cv-906 (ESH) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on July 13, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

        Herman Alphonse Wesselman, pro se
        210 North 3rd Street
        Effingham, Illinois 62401

        /s/ Charles H. Keen
        CHARLES H. KEEN