UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN ALPHONSE WESSELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00906 (ESH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Plaintiff Herman Alphonse Wesselman has filed a *pro se* complaint raising forty-one boilerplate "counts" that "defendant, through principals, officers, agents, and/or employees of [the] Internal Revenue Service" ("IRS") has "disregard[ed]" the Internal Revenue Code. (*E.g.*, Compl. at 4.) For each count, plaintiff seeks "damages in accordance with [26 U.S.C. §] 7433."[1]

---

[1] Plaintiff also asserts that each of his boilerplate allegations raises "a separate and distinct violation of [26 U.S.C.] § 7214(a)(3)." (Compl. at 17–18.) It is unnecessary to discuss this claim in detail because Congress has not waived sovereign immunity with respect to claims for damages under § 7214. *See Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990); *see also Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (explaining that the Administrative Procedure Act, which plaintiff cites in his statement of jurisdiction, does not waive sovereign immunity with respect to suits for money damages). Absent a waiver of sovereign immunity, a claim must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." (citations omitted)).
    Moreover, even if the Court had jurisdiction to decide plaintiff's § 7214 claim, the claim would be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to state a claim upon which relief can be granted because, with a single exception inapplicable here, Congress has provided that "the *exclusive* remedy for recovering damages" based on allegations of improper tax collection activity is § 7433. 26 U.S.C. § 7433(a) (2006) (emphasis added); *see, e.g.*, *Evans v. United States*, 478 F. Supp. 2d 68, 71–72 (D.D.C. 2007) (relying on the exclusivity provision of § 7433 to dismiss a claim for damages under 26 U.S.C. § 7431). Moreover, as the Tenth Circuit has held, § 7214(a) is a criminal provision that does not confer a private right of

(*Id.* at 18.) The government has filed a motion to dismiss and, for the reasons set forth herein, the motion will be granted.

## BACKGROUND

The forty-one counts in plaintiff's complaint can be grouped into nine general categories: (1) counts alleging failure to notify plaintiff of his obligation to keep records and file tax returns, failure to prepare or execute substitute tax returns on his behalf when he failed to file tax returns, and improper use of his Social Security number (Counts 1–8 and 10); (2) counts alleging failure to disclose plaintiff's tax returns or substitute tax returns, records of assessments made against him, or copies of such records (Counts 9 and 16–17); (3) counts alleging the assessment of taxes against plaintiff in amounts that were not properly assessable against him or were not properly recorded or verified (Counts 11–15 and 33); (4) counts alleging failure to satisfy statutory duties to promulgate and implement various procedures and regulations (Counts 18–19); (5) counts alleging that defendant exceeded its authority under 26 U.S.C. § 6301 to collect taxes (Counts 20–26); (6) counts alleging that defendant failed to send notices required under 26 U.S.C. § 6303 (Counts 27–29); (7) a count alleging harassment in connection with the collection of taxes (Count 30); (8) a count alleging that defendant denied plaintiff a hearing to which he was entitled under 26 U.S.C. §§ 6320 and 6330 (Count 31); and (9) counts alleging that defendant improperly asserted tax liens or claims against plaintiff (Counts 32 and 34–41).

---

action. *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("Finally, dismissal of Mr. Andrews's claims in his second and third complaints alleging violations of 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503, and 26 U.S.C. § 7214(a)(1), (2), (7), and (8), was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action.").

ANALYSIS

I.    **Lack of Jurisdiction**

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *E.g.*, *Martens v. United States*, No. 05-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007). Here, plaintiff seeks to establish jurisdiction based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and § 7433.[2] (*See* Compl. at 2–3.) It is well settled, however, that the APA does not waive sovereign immunity with respect to suits for money damages.[3] *See, e.g.*, *Buaiz v. United States*, 471 F. Supp. 2d 129, 138 (D.D.C. 2007) ("By its express terms, . . . the APA does not waive immunity for claims seeking money damages."). Thus, plaintiff's claims must be dismissed for lack of jurisdiction unless they fall within the waiver of sovereign immunity provided in § 7433. *See, e.g.*, *id.* at 134 ("[F]ederal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver.").

For the reasons discussed by the Honorable Rosemary M. Collyer in *Buaiz*, the waiver of sovereign immunity provided in § 7433 is limited to claims that "aris[e] from the *collection* of

---

[2]In addition, as is common in the scores of *pro se* tax cases that have flooded this Court, the "jurisdiction" section of plaintiff's complaint includes a cursory reference to unspecified provisions of the Federal Records Act and the National Archives Act. (*See* Compl. at 2–3.) Neither statute, however, provides the necessary waiver of sovereign immunity. *See Buaiz v. United States*, 471 F. Supp. 2d 129, 138 (D.D.C. 2007) ("Nor do any of the other statutory . . . provisions implicitly or explicitly referenced in the Amended Complaint [including the Federal Records Act and the National Archives Act] provide a waiver of the United States' sovereign immunity."); *see also Ross v. United States*, 460 F. Supp. 2d 139, 148–49, 151 n.8 (D.D.C. 2006) (explaining that the exclusivity provision of § 7433 precludes claims for damages based on violations of the Federal Records Act and National Archives Act, *inter alia*, that occur in connection with tax collection activity).

[3]To the extent that plaintiff seeks injunctive relief in addition to damages (*see* Compl. at 28), the Anti-Injunction Act deprives the Court of jurisdiction for the reasons explained in *Ross*. *See* 460 F. Supp. 2d at 147–48.

income taxes." *Id.* at 136 (emphasis added); *see id.* at 135–36.  Section 7433 does *not* give the Court jurisdiction over "[c]laims that the IRS has incorrectly determined the amount of taxes owed" or any other claims that do not directly arise from the IRS's collection activities.  *Id.* at 136.

Here, as defendant has cogently argued and plaintiff himself appears to concede, many of plaintiff's claims fall outside § 7433's limited waiver of sovereign immunity.  (*See* Mem. in Supp. at 3 (explaining that Counts 1–18 and 33 do not arise from collection activity);[4] Reply at 4 (failing to rebut defendant's argument and arguing instead that "[d]efendant [has] fail[ed] to challenge the Court's jurisdiction under . . . the [APA]," the Federal Records Act, or the National Archives Act).)  The claims in the first group (Counts 1–8 and 10) arise from defendant's alleged failure to notify plaintiff of his obligation to keep records and file tax returns, failure to prepare substitute tax returns on plaintiff's behalf, and improper use of plaintiff's Social Security number.  These claims do not arise from efforts to collect taxes.  *See Buaiz*, 471 F. Supp. 2d at 136 (dismissing Counts 1, 2, and 4).  Similarly, the claims in the second group (Counts 9 and 16–17), which allege that defendant failed to disclose returns and assessments upon plaintiff's request, fall outside § 7433's waiver of sovereign immunity.  *See id.* (dismissing claims "related to the IRS's alleged failure to disclose to [the plaintiff] . . . tax returns, assessments, and other tax records" for lack of jurisdiction).  The claims in the third group (Counts 11–15 and 33) also fall outside § 7433's

---

[4]Although at one point in its memorandum in support of the motion to dismiss defendant additionally states that Count 31 is not a collection claim, defendant elsewhere characterizes that claim as arising from collection activity.  (*Compare* Mem. in Supp. at 3 (listing Count 31 among the "noncollection" claims) *with id.* at 4 (listing it among the "collection" claims).)  Although the proper characterization of Count 31 is open to debate, the Court will assume *arguendo* that the claim arises from collection activity since it must in any event be dismissed under Rule 12(b)(6).  *See infra* pages 6–7.

sovereign immunity waiver because they "arise from the *assessment* of taxes." *Id.* (emphasis added). The claims in the fourth group (Counts 18–19) fall outside § 7433's waiver of sovereign immunity because claims based on an alleged failure to promulgate regulations and procedures do not implicate § 7433's prohibition against collection activity that disregards provisions of, or regulations under, the Internal Revenue Code. Thus, because Counts 1–19 and 33 do not arise from tax collection activity, those claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. *See id.* at 135–36.

## II.    Failure to State a Claim

Plaintiff's remaining claims (Counts 20–32 and 34–41) must be dismissed under Rule 12(b)(6).[5] As the Supreme Court recently clarified, although a plaintiff need not provide "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original) (citations omitted); *see, e.g.*, *Miller v. United States*, No. 06-1250, 2007 WL 2071642, at *2 (D.D.C. July 19, 2007) ("While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.").

Plaintiff's claims here are entirely devoid of factual allegations. In Counts 20–26, he

---

[5] It bears mention that, in *Buaiz*, Judge Collyer characterized claims similar to plaintiff's claims here as "noncollection" claims as to which § 7433 did not waive sovereign immunity. For instance, she dismissed claims similar to Count 30 (which alleges harassment in connection with the collection of taxes) for lack of jurisdiction because the plaintiff's "factual allegations . . . [made] clear that the alleged wrongful conduct was in connection with investigative subpoenas that the IRS [had] served on [the plaintiff], not in connection with collection activities." *Buaiz*, 471 F. Supp. 2d at 137.

5

simply alleges that "[b]y disregard of" various parts of the Code of Federal Regulations, defendant "failed to implement the provisions of Internal Revenue Code section 6301." (Compl. 11–26). Counts 27–29 offer similarly conclusory allegations that defendant "disregard[ed]" or "failed to implement" § 6303.[6] (*Id.* at 13–14.) Count 30, which states that defendant "engaged in 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax'" (*id.* at 14 (quoting 26 U.S.C. § 6304(b))), parrots statutory language but includes no *factual* bases from which the Court can infer that employees of the IRS engaged in conduct that could be characterized as harassing, oppressive, or abusive. *Cf.* 26 U.S.C. § 6304(b)(1)–(4) (2006) (listing as examples of such conduct "[t]he use or threat of use of violence or other criminal means to harm" a person's body, reputation, or property; "[t]he use of obscene or profane language;" making telephone calls "repeatedly and continuously with intent to annoy, abuse, or harass;" and "the placement of telephone calls without meaningful disclosure of the caller's identity"). In Count 31, plaintiff alleges that defendant "failed to hold a hearing in conjunction with" §§ 6320 and 6330, but he does not allege that he properly requested a hearing as required by statute. (Compl. at 14.) Finally, in Counts 32 and 34–41, plaintiff alleges that defendant improperly asserted "liens" or "claims" against him, but he provides no information from which the Court can discern what liens and claims are at issue (or any other fact that could

---

[6]Although Count 27, which alleges that defendant "failed to 'within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable'" (Compl. at 13) is arguably more *specific* than Counts 28–29, which simply allege that "[b]y disregard of" 27 C.F.R. Parts 53 and 70 defendant "failed to implement the provisions of Internal Revenue Code section 6303" (*id.* at 13–14), the three claims are equally conclusory. For example, Count 27 provides no information from which the Court can discern the nature or timing of the assessment to which plaintiff refers. (*See id.* at 13.)

entitle plaintiff to relief).[7] (*See id.* at 14–17.) Therefore, Counts 20–32 and 34–41 will be dismissed for failure to state a claim upon which relief can be granted. *See Twombly*, 127 S. Ct. at 1965.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:    August 17, 2007

---

[7] It is also clear that Count 36 lacks even arguable merit. *See, e.g.*, *Lewis v. Green*, 629 F. Supp. 546, 549 (D.D.C. 1986) (explaining that, even in *pro se* cases, "dismissal may be appropriate for those claims simply without arguable merit both in law and fact"). Plaintiff alleges that, "[b]y disregard of Internal Revenue Code section 6323," defendant "failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Illinois." (Compl. at 16.) Contrary to plaintiff's assertion, however, § 6323 has no certification requirement. *See* 26 U.S.C. § 6323 (2006). To the extent that plaintiff contends that "the Uniform Federal Tax Lien Registration Act, as enacted in Illinois," requires certification (Compl. at 16), his claim is without merit because the form and content of a notice of federal tax lien are controlled by federal, not state, law. *See* 26 U.S.C. § 6323(f)(3) ("The form and content of [a notice of federal tax lien] shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."); *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 293–94 (1961).